# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>CASHMEIR T. WILLIAMS,<br><br>      Defendant. | Case No. 20-CR-171-JPS<br><br>**ORDER** |

### 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 17, 2025). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading) (emphasis omitted). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Amendment to the Sentencing Guidelines ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited June 17, 2025). Amendment 821 took effect on November 1, 2023. *Id.*

In June 2025, Defendant Cashmeir T. Williams ("Defendant") moved the Court for a sentence reduction based on the application of the Status Point Amendment to his sentence. ECF No. 62. For the reasons stated below, the Court finds that Defendant is eligible for a sentence reduction under this provision, and will grant his motion and reduce his sentence.

**2.     BACKGROUND**

Defendant was charged with and pleaded guilty to being a felon in possession of a firearm. ECF Nos. 1, 42. Defendant was on extended supervision in a state case at the time he committed the offense conduct in this federal case. ECF No. 62 at 1; ECF No. 49 at 9–10. Based on his criminal history and the fact that he committed the offense charged in this case while on extended supervision, Defendant received a total of eight criminal history points, resulting in a criminal history category of IV. ECF No. 49 at 10 (citing U.S.S.G. § 4A1.1(d)); ECF No. 54 at 1. Together with an offense level of 26, this resulted in a Guidelines range of imprisonment of 92 to 115 months. ECF No. 54 at 1. On September 2, 2022, Defendant was sentenced to a below-Guidelines term of imprisonment of eighty months. ECF No. 54 at 2; ECF No. 56 at 2. He has already served approximately two years and nine months of that sentence and has paid in full the $100.00 special assessment. ECF No. 56 at 5; ECF No. 64 at 1. He remains in custody at Butner Medium II FCI with a projected release date of July 2, 2027. *See Find an inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 17, 2025).

After Defendant filed his motion, the Court directed the United States Probation Office for the Eastern District of Wisconsin ("Probation") to submit a memorandum advising whether the Status Point Amendment applied to Defendant. ECF No. 63. Probation did so, indicating that Defendant "is eligible for a two-point reduction in his total criminal history score as he no longer qualifies for the status points." ECF No. 64 at 1. Probation further advised that, because of the reduction in Defendant's criminal history score together with his unchanged offense level, Defendant's amended Guidelines range of imprisonment is 78 to 97 months. *Id.*

3. **LAW & ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the [C]ourt may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the . . . Commission." *Id.* Minus an exception not applicable here, "the [C]ourt shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended [G]uideline[s] range." U.S.S.G. § 1B1.10(b)(2)(A).

---

[1] Section 994(o) provides context for how the Commission shall "review and revise" the Guidelines. 28 U.S.C. § 994(o).

Defendant received status points for his offense, so he fits within the group of offenders who can be considered for sentence reductions under the Status Point Amendment. *Materials Relating to the 2023 Criminal History Amendment*, "Who is Eligible for Retroactive Application?"; *see also* ECF No. 64 at 1. His amended Guidelines range also calls for a range of imprisonment that, at the low end, is shorter than the eighty-month sentence originally imposed (albeit by only two months). *See* U.S.S.G. § 1B1.10(b)(2)(A). Therefore, the Court may consider reducing Defendant's sentence.

The Court further finds that the § 3553(a) sentencing factors warrant such a reduction. Indeed, even though the Government requested a sentence of imprisonment within the Guidelines as calculated at that time, the Court originally found it appropriate to impose a below-Guidelines sentence in light of the § 3553(a) factors. ECF No. 54 at 2. Consideration of those same factors now lead the Court to conclude that applying an additional small reduction in Defendant's term of imprisonment is appropriate.[2] The Court will therefore reduce Defendant's term of imprisonment to seventy-eight months, the low end of his new Guidelines range.

---

[2] The Court has sufficient information to conduct the § 3553(a) analysis and therefore sees no need to hold a hearing in this case. In any event, a sentence reduction under 18 U.S.C. § 3582(c)(2) "is not a resentencing" and therefore "does not require a resentencing hearing." *United States v. Jones*, No. 11-CR-2994-WJ-1, 2025 U.S. Dist. LEXIS 72251, at *5–6 n.7 (D.N.M. Apr. 15, 2025) (first quoting *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021) then collecting cases, including *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021)).

4. **CONCLUSION**

For the reasons stated above, by operation of the Status Point Amendment, the Court will reduce Defendant's term of imprisonment to seventy-eight months, of which he has already served approximately two years and nine months. He has also paid in full the $100.00 special assessment. All other terms of the original judgment, ECF No. 56, will remain intact. An amended judgment will issue contemporaneously with this Order. The Court encourages Defendant to continue to take advantage of the rehabilitative and educational opportunities available to him for the remainder of his term of incarceration and during his term of supervised release.

Accordingly,

**IT IS ORDERED** that Defendant Cashmeir T. Williams's motion to reduce his term of imprisonment, ECF No. 62, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Cashmeir T. Williams's sentence of imprisonment be and the same is hereby reduced to a total term of seventy-eight (78) months; and

**IT IS FURTHER ORDERED** that the Bureau of Prisons take all steps necessary to implement Defendant Cashmeir T. Williams's reduced term of imprisonment pursuant to the amended judgment that follows.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge